UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

FRANKLIN ANDRES FLORES CRUZ,
Petitioner,
v.
CHRISTOPHER LAROSE, Warden, Otay Mesa Detention Center, et al.,
Respondents.

Case No.: 3:26-cv-04630-RBM-SBC

**ORDER DENYING WITHOUT PREJUDICE PETITION FOR WRIT OF HABEAS CORPUS**

**[Doc. 1]**

Before the Court is Petitioner Franklin Andres Flores Cruz's ("Petitioner") Petition for Writ of Habeas Corpus ("Petition") pursuant to 28 U.S.C. § 2241. (Doc. 1.) For the reasons below, the Petition is **DENIED without prejudice**.

## I. BACKGROUND

Petitioner, a citizen of Honduras, entered the United States without inspection in or about 2014. (Doc. 1 ¶ 35; Doc. 7-1 at 4.) On March 1, 2015, Border Patrol agents "encountered [Petitioner] in the Rio Grande Valley, Texas, and determined he had unlawfully entered the United States from Mexico." (Doc. 7-1 at 4.) Petitioner was processed for expedited removal and, on the same day, ordered removed from the United States. (*Id.* at 4, 12–13.) He was physically removed from the United States on March 6, 2015. (*Id.* at 4.) Petitioner reentered the United States without inspection at an unknown time and place. (*Id.*) On June 21, 2015, Border Patrol again encountered Petitioner in the Rio Grande Valley. (*Id.*) That same day, Petitioner's prior final order of removal was reinstated. (*Id.* at 4, 8–11.) Petitioner was physically removed from the United States on

July 9, 2015. (*Id.* at 4.) Petitioner again entered the United States without inspection some time in or about 2015, and has resided here continuously since then. (Doc. 1 ¶ 35.)

On August 11, 2026, Immigration and Customs Enforcement agents detained Petitioner during "targeted immigration enforcement operations." (*Id.* ¶ 38; Doc. 7-1 at 5.) The next day, Petitioner was "processed for reinstatement of a prior order of removal." (Doc. 7 at 3 (citing Doc. 7-1 at 15–18).) Petitioner remains detained at Otay Mesa Detention Center. (*Id.*)

The Petition was filed on August 13, 2026. (Doc. 1.) On August 25, 2026, Respondents filed their Response. (Doc. 7.) Petitioner was authorized to file a reply on or before August 31, 2026, but did not file one.

## II. LEGAL STANDARD

A writ of habeas corpus is "available to every individual detained within the United States." *Hamdi v. Rumsfeld*, 542 U.S. 507, 525 (2004) (citing U.S. Const., Art. I, § 9, cl. 2). "The essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and . . . the traditional function of the writ is to secure release from illegal custody." *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973). "Writs of habeas corpus may be granted by the Supreme Court, any justice thereof, the district courts and any circuit judge within their respective jurisdictions." 28 U.S.C. § 2241(a). The petitioner bears the burden of demonstrating that "[h]e is in custody in violation of the Constitution or laws or treaties of the United States." *Id.* § 2241(c)(3).

## III. DISCUSSION

Petitioner claims that his detention without a bond hearing violates the Immigration and Nationality Act, 8 U.S.C. § 1226 and its implementing regulations, and the Fifth Amendment's Due Process Clause. (Doc. 1 ¶¶ 43–51.) Respondents argue that Petitioner is properly detained under 8 U.S.C. § 1231, not § 1226, because Petitioner is subject to a reinstated final order of removal. (Doc. 7 at 1–3.) Because Respondents have set forth sufficient evidence to show that Petitioner is subject to a reinstated final order of removal, and Petitioner has not rebutted that showing, the Court **DENIES** the Petition.

Petitioner alleged on information and belief that he would be charged as inadmissible under 8 U.S.C. § 1226(a). (Doc. 1 ¶ 39.) But Petitioner was charged under 8 U.S.C. § 1231(a) as a noncitizen subject to a reinstated final removal order. (Doc. 7 at 3 (citing Doc. 7-1 at 15–18).) *See Padilla-Ramirez v. Bible*, 882 F.3d 826, 830–31 (9th Cir. 2017); *Johnson v. Guzman Chavez*, 594 U.S. 523 (2021). Section 1226(a) "applies only while 'a decision on whether the [noncitizen] is to be removed from the United States' is 'pending'. . . ." *Padilla-Ramirez*, 882 F.3d at 831 (quoting 8 U.S.C. § 1226(a)). By contrast, § 1231(a) "governs the detention, release, and removal of individuals 'ordered removed.'" *Johnson v. Arteaga-Martinez*, 596 U.S. 573, 578 (2022). Here, Petitioner is subject to a final order of removal, and no decision is pending as to whether he may be removed from the United States. Therefore, on the record before it, the Court finds that Petitioner is detained pursuant to § 1231(a). The Government is not restricted from removing him from the United States, and Petitioner is not entitled to the statutory protections of § 1226(a) he invokes in his Petition.

Petitioner may, subject to the 90-day mandatory removal period of § 1231(a), raise a constitutional challenge to his detention. *See Zadvydas v. Davis*, 533 U.S. 678 (2001). But the Petition raises no such argument. The Petition is **DENIED without prejudice**.

## IV. CONCLUSION

Based on the foregoing reasons, the Petition (Doc. 1) is **DENIED without prejudice**. Petitioner may file an Amended Petition if he remains in immigration custody beyond **November 9, 2026**. Respondents **SHALL FILE** a Notice of Removal if Petitioner is removed from the United States before then.

**IT IS SO ORDERED.**

DATE: September 1, 2026

HON. RUTH BERMUDEZ MONTENEGRO
UNITED STATES DISTRICT JUDGE