UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FRANKLIN ANDRES FLORES CRUZ,<br>Petitioner,<br>v.<br>CHRISTOPHER LAROSE, Warden, Otay Mesa Detention Center, et al.,<br>Respondents. | Case No.: 3:26-cv-04630-RBM-SBC<br>**ORDER DENYING AMENDED PETITION FOR WRIT OF HABEAS CORPUS**<br>**[Doc. 9]** |

Petitioner Franklin Andres Flores Cruz ("Petitioner") filed his Petition for Writ of Habeas Corpus ("Petition") pursuant to 28 U.S.C. § 2241 on August 13, 2026. (Doc. 1.) The Court denied the Petition on September 1, 2026, finding that Petitioner was not entitled to the statutory protections of 8 U.S.C. § 1226(a) because he was charged under § 1231(a) as a noncitizen subject to a reinstated final removal order. (Doc. 8 at 2–3.) The next day, Petitioner filed an Emergency Ex Parte Application for Reconsideration that the Court construed as an Amended Petition. (*See* Docs. 9, 10.) The Court set a briefing schedule on the Amended Petition, and Respondents timely filed their Response, as well as a Supplemental Response. (*See* Docs. 11, 12.) The Court ordered that "Petitioner **SHALL FILE** a reply on or before **September 17, 2026 at 4:30 p.m.**, but Petitioner did not file a reply. (Doc. 10 at 3 (emphasis in original).)

Because the record before the Court is undisputed and appears complete, the Court **DENIES** the Amended Petition.

## I. LEGAL STANDARD

A writ of habeas corpus is "available to every individual detained within the United States." *Hamdi v. Rumsfeld*, 542 U.S. 507, 525 (2004) (citing U.S. Const., Art. I, § 9, cl. 2). "The essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and . . . the traditional function of the writ is to secure release from illegal custody." *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973). "Writs of habeas corpus may be granted by the Supreme Court, any justice thereof, the district courts and any circuit judge within their respective jurisdictions." 28 U.S.C. § 2241(a). The petitioner bears the burden of demonstrating that "[h]e is in custody in violation of the Constitution or laws or treaties of the United States." *Id.* § 2241(c)(3).

## II. DISCUSSION

The Amended Petition "does not challenge the validity of the reinstated order in this action," nor does it "renew [Petitioner's] request for a bond hearing." (Doc. 9 at 1.) Instead, it "states a narrow, cognizable claim enforcing mandatory reasonable-fear procedures." (*Id.* at 3–4.) Specifically, Petitioner claims that Respondents had not demonstrated their compliance with the reasonable-fear procedures of 8 C.F.R. §§ 241.8(e) and 208.31(a)–(c), (e)–(g). (*Id.*)

In their Return, Respondents demonstrate that they have complied with their obligations under those regulations. (*See* Doc. 11-1 at 2–3 (Reasonable Fear Determination Checklist and Written Analysis); *id.* at 5–7 (Notice of Referral to Immigration Judge); *id.* at 13 (Notice of Review of Reasonable Fear Hearing); Doc. 12-1 at 2–3 (Immigration Judge Order concurring in the negative reasonable fear determination).) "There is no appeal available to the Board of Immigration Appeals from an immigration judge's order affirming an asylum officer's negative reasonable-fear determination." *Navarrete v. Bondi*,170 F.4th 1214, 1218–19 (9th Cir. 2026) (citation modified). Accordingly, the Amended Petition is **DENIED**.

## III. CONCLUSION

Based on the above, the Amended Petition (Doc. 9) is **DENIED**. Respondents **SHALL FILE** a Notice of Removal if Petitioner is removed from the United States.

**IT IS SO ORDERED.**

DATE: September 18, 2026

HON. RUTH BERMUDEZ MONTENEGRO
UNITED STATES DISTRICT JUDGE